# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

MARY CARMEN GOMEZ,

    Plaintiff,

v.                                                           Case No. 18-11738

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

All matters in this Social Security appeal stemming from the denial of disability benefits were referred to Magistrate Judge David R. Grand for consideration and recommendation. (ECF No. 3.) Plaintiff and Defendant each filed a Motion for Summary Judgment. (ECF Nos. 12, 14). Before the court is the Magistrate Judge's Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and Plaintiff's motion be denied. (ECF No. 16.) Plaintiff filed one objection to the R&R. (ECF No. 17.) The court has reviewed the R&R and the parties' filings and concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objection and adopt the R&R in its entirety without alteration.

## I. STANDARD

When a party files timely objections to an R&R, the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff's sole objection to the R&R concerns step five in the Social Security disability analysis, which requires Defendant to establish that "work exists in the national economy that the claimant can perform in view of his or her age, education, and work experience." (ECF No. 16, PageID.721–22.) Specifically, Plaintiff challenges the recommendation that the court adopt the ALJ's finding that jobs exist in significant numbers, given the Vocational Expert's testimony on cross-examination "that he could not state that the jobs he identified actually existed." (ECF No. 17, PageID.738.) Plaintiff contends that this is a "failure of proof in and of itself" and that the Magistrate Judge's analysis of this issue in the following section of the R&R "ignored a clear contradiction he himself identified, and essentially reversed the burden of proof:"

> Preliminarily, the Court notes that the VE here did identify three jobs based on the current DOT [Dictionary of Occupational Titles] that were available in significant numbers that a person with the hypothetical RFC could perform. The VE never testified that those jobs were not available. At most, the ALJ indicated that he lacked "direct specific knowledge" about these jobs because, for instance, he had "never been to an ordnance manufacturing factory." But Gomez fails to cite any case law or regulation that requires an ALJ to have such personal knowledge of available jobs.

2

(*Id.*, PageID.741–42; citing ECF No. 16, PageID.731–32.)

This paragraph, read in the context of the full R&R, demonstrates that the Magistrate Judge neither ignored Plaintiff's perceived contradiction nor reversed the burden of proof. Rather, the Magistrate Judge did not find the question of the VE's personal knowledge of the specified DOT jobs dispositive. Instead, he explained that the VE's full testimony substantially supported the ALJ's reliance on his opinion that jobs Plaintiff could perform existed in significant numbers. (ECF No. 16, PageID.730–34.) He noted that the VE affirmatively represented that there are many sedentary packager and inspector positions suitable for Plaintiff which exist and that the VE based his testimony on his extensive knowledge, experience, and expertise. (*Id.*, PageID.733–34.) As the R&R states: "the VE testified that examples of unskilled sedentary work would be assembler, with a national number of 35,000, inspector, with a national number of 12,000, or packager, with a national number of 71,000." (*Id.*, PageID.730.)

The fact that the VE on cross-examination admitted he did not have direct personal knowledge of each of the representative DOT-numbered positions does not undermine his testimony. As the R&R states, Plaintiff "fails to cite any case law or regulation that requires an ALJ to have such personal knowledge of available jobs." (*Id.*, PageID.732.) Plaintiff's objection reiterates her argument that the VE's testimony is insufficient evidence to support the ALJ's finding, but again does not cite any binding legal authority for this proposition. The Magistrate Judge was correct in finding that substantial evidence supported the ALJ's decision and refusing to "reevaluate the credibility and reliability of the VE's

testimony." (ECF No. 16, PageID.734.) The court will not reweigh the evidence considered by the ALJ. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) (internal quotations and citations omitted) ("Here, the [plaintiff] asks us to reweigh the evidence and substitute our judgment for that of the ALJ. We cannot do so. Even if we would have taken a different view of the evidence were we the trier of facts, we must affirm the ALJ's reasonable interpretation.").

## III. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objection and adopt the Magistrate Judge's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objection (ECF No. 17) is OVERRULED, and the Magistrate Judge's June 11, 2019 Report and Recommendation (ECF No. 16) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED.

            s/Robert H. Cleland
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated: August 1, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2019, by electronic and/or ordinary mail.

            s/Lisa G. Wagner
            Case Manager and Deputy Clerk
            (810)292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11738.GOMEZ.AdoptR&R.docx

4